UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DONALD ADAMS and
DONALD ADAMS, JR. by
his next friend and parent, Donald
Adams,
Plaintiffs

CA 05 051

vs.

C.A. No.

JOSE RODRIGUES, alias
JOE RODRIGUES,
Defendant

## COMPLAINT

### PARTIES

1. Plaintiffs, Donald Adams (d.o.b July 6, 1969) and Donald Adams Jr. (d.o.b. April 7, 1990), were residents of 171 Reynolds Avenue, Providence, RI 02905 from approximately December 7, 2002 to February 1, 2004.

2. Defendant, Jose Rodrigues is the owner and landlord of the property at 171 Reynolds Avenue, Providence, RI 02905.

3. Defendant, Jose Rodrigues, resides at 181 Reynolds Avenue, Providence, RI 02905.

### JURISDICTION

4. This Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under the Constitution and/or Laws of the United States. Specifically, this action arises under the Fair Housing Act, 42 U.S.C. § 3601, et seq.

5. Additionally, this court has supplemental jurisdiction over Counts II, III & IV pursuant to 28 U.S.C. § 1367, in that these claims form part of the same case or controversy.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), since defendant resides in this District and all of the property that is the subject of this action, is situated within this Judicial District.

## FACTUAL BACKGROUND

7. Plaintiffs, Mr. Adams and Adams Jr., entered a rental agreement with Defendant on or about December 1, 2002. Mr. Adams lived there with his family: Christine Gorton (Girlfriend), Donald Adams Jr. (Son), and Samantha Adams (Daughter).
8. Mr. Adams and his son, Adams Jr., consider themselves to be White-American.
9. Upon information and belief, Defendant, Mr. Rodrigues, is of Cape Verdean descent and considers himself African-American.
10. On or about March 7, 2003, Defendant yelled a racial epithet at 13 year old Plaintiff, Adams, Jr. Specifically, Defendant called Adams Jr. a "white piece of trash". Mr. Adams' two children developed a fear of going outside to play. They were afraid of being harassed and assaulted by Defendant.
11. On or about March 30, 2003, Defendant threatened to hit Mr. Adams with a rock and made a racist remark towards him. Specifically, Defendant called Mr. Adams a "white piece of trash". During this same incident, Defendant threatened to kill Mr. Adams.

12. On a continuing basis, from March 2003 through February 2004, Defendant made numerous racist remarks towards Mr. Adams and his family. These remarks include: "I will never rent to white people again", "You are poor white trash", and "White people ain't shit".

13. On or about June 21, 2003, Defendant yelled to Mr. Adams: "I want you out of my property or I'll smash you".

14. On or about July 1, 2003, Defendant refused to accept Plaintiffs' monthly rent. Thereafter, Defendant commenced an eviction action against Plaintiffs for failure to pay the same rent that Defendant refused to accept. This matter was litigated on the merits in state District Court.

15. The District Court, Judge Erickson presiding, ruled that Defendant improperly refused the rent from Mr. Adams. The complaint was dismissed and Mr. Adams was awarded three times the monthly rent, the maximum sanction allowed by statute.

16. On or about July 27, 2003, Defendant yelled to Mr. Adams and his family as they sat on the porch: "if you all don't get off the porch, you're going to make me call someone to shoot at the porch to get you off". Mr. Adams and his family developed a fear of being outside on their own porch. They were afraid of Defendant carrying out his threats.

17. On August 5, 2003, Defendant yelled at Mr. Adams: "Let's see how long you can go without water". Plaintiffs later discovered that they had no running water in their apartment.

18. On the next day, August 6, 2003, Mr. Adams obtained a Restraining Order against Defendant in state District Court. The Restraining Order required Defendant to immediately reinstate Plaintiffs' utilities.

19. On the same day, August 6, 2003, upon returning from court, Defendant yelled at Mr. Adams: "You die here in the street". Mr. Adams called the police; a report was filed but no arrest was made.

20. On November 24, 2003, Defendant threatened 13 year old Adams Jr. Specifically, Defendant yelled at Adams Jr.: "I'll break you; I'll take you out". Defendant proceeded to run after Adams Jr. and chased him into Adams Jr.'s house.

21. On the next day, November 25, 2003, Mr. Adams sought and obtained a Restraining Order against Defendant in Superior Court.

22. From the first racist and threatening remark from Defendant, Mr. Adams and his family lived in fear of:

    a. Being insulted and harassed by Defendant's racist remarks,

    b. Being caused bodily harm by Defendant,

    c. Becoming homeless because of Defendant's unlawful actions, and

    d. Living without basic utilities because of Defendant's unlawful actions.

23. Mr. Adams searched for alternate housing for his family throughout this tumultuous period. Upon information and belief, Defendant frustrated Plaintiffs' attempts to find a new apartment.

24. Upon information and belief, from March 2003 through February 2004, the police were called over a hundred times, literally, by the Defendant. Defendant commonly made false accusations about Plaintiff to the police.

25. From March 2003 through February 2004, Plaintiff made numerous calls to the police regarding the Defendant. Each time the police arrived, they would be unsympathetic to Plaintiff's complaints and refused to arrest the Defendant.

26. Plaintiffs and their family moved out of the subject apartment on or about February 1, 2004.

COUNT I

27. Defendant has violated the Fair Housing Act, 42 U.S.C. § 3604, by discriminating against Plaintiffs in the terms, conditions, and/or privileges of rental of the subject premises, or in the provision of services or facilities in connection therewith, because of Plaintiffs' race.

COUNT II

28. Defendant has violated the Rhode Island Fair Housing Practices Act, R.I.G.L. 34-37-4, by seeking to drive Plaintiffs from the subject apartment on account of their race.

COUNT III

29. Defendant has assaulted Plaintiffs by continually harassing and threatening to cause bodily harm to Plaintiffs.

COUNT IV

30. Defendant has violated the Civil Rights Act of 1990, R.I.G.L. 42-112-1, by discriminating against Plaintiffs on account of their race.

## TRIAL BY JURY

31. Plaintiff hereby requests a trial by jury.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A. Adjudge the Defendant in violation of the Fair Housing Act, RI Fair Housing Practices Act, and The Civil Rights Act of 1990 and guilty of civil assault.

B. Award Plaintiffs, Mr. Adams and Adams Jr., compensatory damages in the amount of $50,000 each.

C. Award Plaintiffs, Mr. Adams and Adams Jr., punitive damages in the amount $50,000.

D. Award such other and further relief as this Court deems just and proper.

PLAINTIFFS,
BY THEIR ATTORNEY:

**Dated: February 8, 2005**

Jorge Elorza (#6825)
RI Legal Services
56 Pine Street, 4th Floor
Providence, RI 02903
(401) 274-2652 x110
(401) 453-0310 - fax

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DONALD ADAMS and
DONALD ADAMS, JR. by
his next friend and parent, Donald
Adams,
Plaintiffs

vs. C.A. No.

JOSE RODRIGUES, alias
JOE RODRIGUES,
Defendant

**AFFIDAVIT**

I hereby attest, under penalty of law, that I have reviewed the attached Complaint and all of the information contained therein, to the best of my knowledge, is true and accurate.

DONALD ADAMS, Plaintiff

Subscribed and sworn to before me at Providence, RI this 8 day of February 2004.

Notary Public