**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DONALD ADAMS and
DONALD ADAMS, JR. by
his next friend and parent, Donald
Adams,
Plaintiffs

vs. C.A. No. 05-51ML

JOSE RODRIGUES, alias
JOE RODRIGUES,
Defendant

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, Donald Adams, moves pursuant to Fed.R.Civ.P. 15(a) for leave to amend the Complaint. Specifically, Plaintiff seeks to include:

1) "Count V: Harassment" in the Complaint, and;
2) "Attorney's Fees" in the Demands for Relief.

Plaintiff respectfully requests that the motion be granted.

Plaintiff, Donald Adams,
By and Through Counsel,

Jorge Elorza, #6825
Roger Williams University
School of Law
Ten Metacom Avenue
Bristol, RI 02809
(401)254-4615
(401)254-4640 – fax

**CERTIFICATION**

I hereby certify that on the 17th day of October, 2005 I mailed and faxed a copy of the forging to Giovanni La Terra Bellina, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, RI 02903 and (401) 331-7123.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

DONALD ADAMS and
DONALD ADAMS, JR. by
his next friend and parent, Donald
Adams,
Plaintiffs

vs. C.A. No. 05-51ML

JOSE RODRIGUES, alias
JOE RODRIGUES,
Defendant

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Motions for Leave to Amend Complaint should be freely granted. Plaintiff seeks to amend the Complaint by adding "Harassment" as a Count for Relief and by adding "Attorney's Fees" in the Demands for Relief. Fed.R.Civ.P. 15(a) states that "leave shall be freely given when justice so requires." The United States Supreme Court, in Foman v. Davis, 371 U.S. 178 (1962), held that:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. … If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.
> Foman, at 182.

Plaintiff first seeks to add a Count of Harassment to the Complaint. In paragraph 29 of his original Complaint, Plaintiff included the Count of Assault. As an element of this Count the Complaint specifically mentions that Defendant harassed Plaintiff. ¶29 of Complaint. Plaintiff now seeks to include Harassment as a separate Count in this Civil Action, as opposed to simply an element of Assault. Defendant will suffer no prejudice if this motion is granted because he was apprised of Plaintiff's intention of proving harassment since commencement of this Civil Action. Additionally, this Court has

supplementary jurisdiction over state law claims because they arise out of the same transaction and occurrences as the federal law claim.

Plaintiff then seeks to add Attorney's Fees to the Demands for Relief. At the April 1, 2005 pretrial scheduling conference, Plaintiff's Attorney, Jorge Elorza, stated to Defendant's attorneys that he intended to amend the Complaint at a later date to include Attorney's Fees. At the time the original Complaint was filed, Mr. Elorza worked for Rhode Island Legal Services (RILS) and was prohibited from including Attorney's Fees because of Legal Services Corporation's (LSC) restrictions. *See* 45 U.S.C. 1642.3. Mr. Elorza explained to Defendant's attorneys that when he left his employment at RILS, he planned on continuing to represent the Plaintiff in this Civil Action. He further explained that he would amend the Complaint to include Attorney's Fees when he was no longer governed by the LSC restrictions. Mr. Elorza is no longer subject to the LSC restrictions and now seeks to add Attorney's Fees to the Demands for Relief.

Plaintiff prays that this Court grant his Motion for Leave to Amend the Complaint. From the beginning of the litigation, Plaintiff has been forthright in apprising Defendant of his intentions regarding the Attorney's Fees. Additionally, none of the proposed amendments alter, in any substantive way, the issues to be litigated or the facts underlying them. Therefore, Defendant will suffer no prejudice if the motion is granted. For the forgoing reasons, Plaintiff respectfully requests that the Motion be granted.

Plaintiff, Donald Adams,
By and Through Counsel,

Jorge Elorza, #6825
Roger Williams University
School of Law
Ten Metacom Avenue
Bristol, RI 02809
(401)254-4615
(401)254-4640 – fax

**CERTIFICATION**

I hereby certify that on the 17th day of October, 2005 I mailed and faxed a copy of the forgoing to Giovanni La Terra Bellina, KIERNAN, PLUNKETT & REDIHAN, 91 Friendship Street, Providence, RI 02903 and (401) 331-7123.